# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

STANDARD DRYWALL, INC., a California corporation

**DEFENDANTS**

OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL 200, AFL-CIO

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Mark T. Bennett, Esq., Marks, Golia & Finch, LLP
8620 Spectrum Center Boulevard, Suite 900
San Diego, California 92123-1454; Tele.: (858) 737-3100; Fax: (858) 737-3101

**Attorneys (If Known)**

John J. Davis, Jr., Esq., Davis, Cowell & Bowe, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105; Tele.: (415) 597-7200; Fax: (415) 597-7201

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ None

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an action for a declaratory judgment under Labor Managment Relations Act §301, 29 U.S.C. §185, and 28 U.S.C. §§1331 and 2201.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☒ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)            CIVIL COVER SHEET            Page 1 of 2

EDCV09-0115

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): Small v. Operative Plasterers' and Cement Masons' International Association, Local 200, Case No. 5:08-CV-01039-SGL-OP

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County and Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County and Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date 1/15/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

STEPHEN J. SCHULTZ, SBN 90187
E-Mail: sschultz@mgfllp.com
MARK T. BENNETT, SBN 89061
E-Mail: mbennett@mgfllp.com
**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
8620 Spectrum Center Boulevard, Suite 900
SAN DIEGO, CALIFORNIA 92123-1454
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Plaintiff Standard Drywall, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD DRYWALL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL 200, AFL-CIO, a labor organization,<br><br>Defendant. | CASE NO: EDCV09-0115 VAP (MANx)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Standard Drywall, Inc. ("SDI") sues defendant Operative Plasterers' and Cement Masons' International Association, Local 200, AFL-CIO ("Local 200") and alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court under both section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. This action involves as actual controversy between SDI and Local 200 over whether SDI must submit a dispute between Local 200 and the Southwest Regional Council of Carpenters ("Regional Council") over the



COMPLAINT FOR DECLARATORY JUDGMENT

performance of plastering work on two California public works projects to final and binding resolution under the AFL-CIO Plan for the Settlement of Jurisdictional Disputes in the Construction Industry ("Plan"). Local 200 maintains that SDI is required to submit the dispute described in paragraphs 5 through 17, below, to the Plan. SDI is informed and believes, and therefore alleges, that Local 200 maintains SDI will breach a collective-bargaining agreement covered by section 301 if it does not submit the dispute to the Plan and if SDI does not comply with any Plan award in Local 200's favor. SDI maintains that it cannot be required to submit the dispute to the Plan and, therefore, SDI will not violate a collective-bargaining agreement by refusing to submit the dispute to the Plan or by refusing to comply with a Plan award in Local 200's favor.

3. Pursuant to 28 U.S.C. § 2201, this Court has jurisdiction to render a declaratory judgment and to grant the relief requested.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) and section 301 because Local 200 has its principal place of business located in this judicial district, the Regional Council and Local 200 both represent employees within this judicial district, and the controversy between the parties arises within this judicial district.

## PARTIES

5. SDI is a California corporation. At all time material, SDI's office and place of business is and has been located in Corona, Riverside County, California. SDI is now and has been at all relevant times an employer engaged in interstate commerce and in an industry affecting commerce within the meaning of section 2(6) and 2(7) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(6) and (7), and within the meaning of section 301(a).

6. Local 200 is and at all relevant times has been an unincorporated association and labor organization that represents employees in an industry affecting commerce within the meaning of both NLRA § 2(5), 29 U.S.C. § 152(5), and section 301. Local 200's principal place of business is located in Pomona, California, which is within this judicial district. Local 200's duly authorized officers and agents are engaged in representing or acting for employee members in the twelve Southern California counties of Los Angeles, Orange, San Diego, Riverside, San Bernardino, Imperial, Ventura, Santa Barbara, San Luis Obispo, Kern, Inyo, and Mono (collectively "Southern California"). Local 200 transacts business in Southern California and within this judicial district.

7. At all times material, the Operative Plasterers' and Cement Masons' International Association ("OPCMIA") has acted as the agent and representative for Local 200 with respect to the events described below.

## CLAIM FOR RELIEF

8. This is an action for a declaratory judgment involving plastering work SDI is performing, and will perform, on two California public works projects undertaken for the Los Angeles Unified School District. Those projects are known as the Valley Region Elementary School No. 7 and the Valley Region Elementary School No. 9 (collectively "Projects"). The projects are located within this judicial district. The dispute between Local 200 and the Regional Council involves plastering work that is being performed, and will be performed, by SDI's Regional Council-represented employees on both Projects.

9. The Regional Council is and at all relevant times has been an unincorporated association and labor organization that represents employees in an industry affecting commerce within the meaning of both NLRA § 2(5), 29 U.S.C. § 152(5), and section 301. The Regional Council, and its duly authorized officers and agents, are engaged in representing or acting for employee members

3

COMPLAINT FOR DECLARATORY JUDGMENT

in Southern California and within the judicial district. The Regional Council transacts business in Southern California and within this judicial district.

    10.    As used herein, plastering work is defined as follows:

         A.    Corner beads when stuck on;

         B.    All interior or exterior plastering using gypsum plaster, Portland Cement plaster (excepting cement bases six inches (6") or lower), stucco, radiant heat fill material, marble-crete, imitation brick or masonry, embedding of chips and stones, the finishing of same and any mortars applied by the normal methods used by plasterers;

         C.    The waterproofing of plaster including such materials as Thoroseal and Ironite;

         D.    The bonding and scratching of all ceilings and walls to receive terrazzo and tile, and the bonding, scratching and browning to receive thin set tile;

         E.    The sticking, nailing and screwing on of all plaster caps and ornaments;

         F.    The application of bond coat plasters, bond dash coats and bonding agents to which plaster is to be applied regardless of tools used, method of application, color of material or type of base to which it is applied;

         G.    The application of materials used for contract fireproofing, fireproofing, acoustical finish, or decorative finish;

/ / / / /

/ / / / /

/ / / / /

4

COMPLAINT FOR DECLARATORY JUDGMENT

    H.    All moldings run in place, the making of all templates and the horsing of molds for interior and exterior work, and the sticking in place of all staff work and plaster enrichments;

    I.    The initial cleaning of areas immediately adjacent to the plastering and concurrent with the plastering operation;

    J.    Plasterers shall have autonomy governing the mixing and applying of all materials used for plaster patching;

    K.    The installation of Exterior Insulation Finish Systems ("EIFS"), starting with the foam; and

    L.    The carving or texturing of "positive" rock and other theme work created from gypsum, Portland, cement, or acrylic plaster.

11.    In 2006, Local 200, SDI, and the Regional Council were parties to a proceeding before the National Labor Relations Board ("NLRB"). The NLRB proceeding was conducted pursuant to NLRA § 10(k), 29 U.S.C. § 160(k). The NLRB proceeding was known as *Southwest Regional Council of Carpenters (Standard Drywall, Inc.)*, Case No. 21-CD-658.

12.    The NLRB section 10(k) proceeding in 21-CD-658 involved a jurisdictional dispute between the Regional Council and Local 200 over the performance of plastering work by SDI's Regional Council-represented employees on California public works projects in Southern California. On or about December 13, 2006, the NLRB made the following determination in Case No. 21-CD-658, among other things:

> After considering all the relevant factors, we conclude that employees represented by [the Regional Council] are entitled to perform the work in dispute [*i.e.*, plastering work].

> * * *
>
> In making this determination, we are awarding the disputed work to employees represented by [the Regional Council], and not to that labor organization or its members.
>
> * * *
>
> Therefore, we hold that the determination of this dispute applies not only to the jobs in which the dispute arose, but to all similar work done or to be done by [SDI] or on any other public works projects in the twelve Southern California counties, where the jurisdiction of [Local 200 and the Regional Council] overlap.

The NLRB's determination is officially reported at 348 NLRB 1250, 1255-56 (2006).

13. The NLRB's determination in Case No. 21-CD-658 applies to plastering work performed by SDI's employees on both of the Projects. Under the NLRB's determination in Case No. 21-CD-658, SDI's employees represented by the Regional Council are entitled to perform the plastering work on both of the Projects.

14. SDI is currently performing plastering work on each of the Projects.

15. In accordance with the NLRB's determination in 21-CD-658, SDI has assigned the plastering work on each of the Projects to employees represented by the Regional Council. The Regional Council has accepted the assignment of the plastering work on each of the Projects and claims jurisdiction over that plastering work.

/ / / / /

16. In January 2009, Local 200, through OPCMIA, initiated proceedings under the Plan with respect to both of the Projects. The purpose and the object of the Plan proceedings initiated by Local 200 was and is to effect a reassignment of plastering work on each of the Projects from SDI employees represented by the Regional Council to Local 200 members or to employees it represents. Local 200 claims that SDI and the Regional Council must submit the dispute over SDI's assignment of plastering work on the Projects to the Plan because Local 200 claims the Regional Council, SDI, and Local 200 are parties to a collective-bargaining agreement covered by section 301 that so requires.

17. SDI maintains that under the supremacy doctrine applicable to NLRB awards under section 10(k) and the Supremacy Clause of the Constitution of the United States, SDI cannot be required to submit the dispute between Local 200 and the Regional Council over SDI's assignment of plastering work on the Projects to the Plan as the NLRB resolved the dispute in 21-CD-658. SDI further maintains the Plan proceedings and Plan awards that seek to undermine, or do undermine, the finality of the section 10(k) determination in 21-CD-658 are null and void, unenforceable, illegal, and violate public policy.

WHEREFORE, SDI requests the following relief:

A. This Court assert jurisdiction over the declaratory judgment claim for relief;

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

B. This Court find that SDI is not required to submit the dispute between Local 200 and the Regional Council over the performance of plastering work on either of the Projects to the Plan or to comply with any Plan award in Local 200's favor; and

C. This Court order such other and further relief as it deems just and proper.

DATED: January 15, 2009

Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

By: _____
MARK T. BENNETT
Attorneys for Plaintiff Standard Drywall, Inc.

576.099/MTB348.bdp

8

COMPLAINT FOR DECLARATORY JUDGMENT